Syllabus.

## EDDIE SHEEHAN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 26, 1889.*

1. CRIMINAL LAW—*alibi—reasonable doubt—instruction.* It is not accurate, in an instruction, to say that the defense of *alibi* tends merely to cast a reasonable doubt on the case made by the prosecution; but where the instruction concludes as follows: "The law being, that where the jury have considered all the evidence, as well that touching the question of the *alibi* as the criminating evidence introduced by the prosecution, then, if they have any reasonable doubt of the guilt of the accused of the offense with which he stands charged, they should acquit, otherwise not," and this is followed by instructions for the defendant still more favorable to him, the error in the first part of the instruction will not call for a reversal of the judgment, as it will do the defendant no harm.

2. EVIDENCE—*cross-examination—as to immaterial matters.* On the trial of one on an indictment charging the robbery of a pocket-book and money therein, the prosecuting witness testified to the robbery of the pocket book, containing $160 in money, and negotiable papers for $175, and a receipt for $25, which he said he would have to pay over again. He was cross-examined, re-examined, and upon re-cross-examination defendant's counsel asked the witness what the receipt was given for. The witness declined to answer the question, and the court ruled that he need not answer: *Held,* that all the evidence in regard to the papers taken was immaterial, and that there was no error in excluding that proposed.

3. INSTRUCTIONS—*argumentative.* An instruction, although containing some correct propositions of law, but more in the nature of an argument to the jury, may properly be refused.

4. SAME—*calling attention to specific portions of the evidence.* An instruction in a criminal case which points out certain specific portions of the evidence, and calls particular attention thereto as having an important bearing upon the question of the guilt or innocence of the accused, is properly refused. It is the duty of the jury to consider all the evidence, and, after giving due regard to the whole evidence, to determine whether the defendant is guilty or not. An instruction which undertakes to confine the jury to some particular part of the evidence is unfair, and should not receive the sanction of the court.

5. SAME—*on matter not in evidence, and irrelevant.*  After the close of a prosecution against two defendants, there being no evidence against one, the jury, on the direction of the court, acquitted him.  At the close of the case as to the other, he asked the court to instruct the jury that they should in no way be prejudiced or influenced because the prosecution had caused the case to be dismissed as to his co-defendant, which the court refused:  *Held,* no error.  The People had not dismissed the prosecution as to his co-defendant, and the court was not required to instruct on some irrelevant fact not in issue or involved in the trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. DONAHOE & DAVID, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Eddie Sheehan and Henry Devine were indicted in the Criminal Court of Cook county for robbery.  At the March term, 1889, of the court, they were placed upon trial on the indictment.  Upon the close of the evidence introduced on behalf of the People, there being no evidence to establish the guilt of Devine, the court directed the jury to return a verdict of not guilty as to him, which was done, and Devine was discharged. The jury, on the evidence, found the other defendant, Eddie Sheehan, guilty, and fixed his term of imprisonment at three years in the penitentiary.  The court rendered judgment on the verdict, and this writ of error has been sued out to reverse the judgment.

On the trial, the principal prosecuting witness, O. F. Bridges, testified that he resided in Chicago, and on the evening of January 14, 1889, as he and his wife were entering a street car at the corner of Lake and State streets, in the city of Chicago, he was assailed by the plaintiff in error and others, who forcibly took from his pocket his pocket-book, containing $160 in money and negotiable papers for $175, and a receipt for

$25, which he stated he would have to pay over again. Other evidence was introduced on the trial, but it will not be necessary to allude to it here, as it is not claimed that the evidence is insufficient to sustain the finding of the jury.

The witness Bridges was examined in chief, cross-examined, re-examined by the State's Attorney, and, upon the re-cross-examination, counsel for plaintiff in error asked the witness to state what the receipt was given for which he stated he would have to pay over. The witness declined to answer the question, and the court ruled that the witness was not required to answer the question, and this ruling is relied upon as error. The indictment did not charge the plaintiff in error with the robbery of a receipt for the payment of money. The indictment charged him with the robbery of money and a pocket-book, and all the evidence in regard to the papers taken may be regarded as immaterial. It is true, as suggested by counsel, that much latitude is generally allowed in the cross-examination of a prosecuting witness in a case of this character; but the court could not be required to allow counsel, on re-cross-examination, to go into matter foreign to the issue involved. What the receipt which the witness had lost was given for had no direct bearing on the guilt or innocence of plaintiff in error, and we do not think the court erred in its ruling in excluding the proposed evidence.

It is next claimed that the court erred in giving instruction No. 3 for the People. An instruction in all respects like the one in question was given in *Ackerson* v. *The People,* 124 Ill. 563, and the instruction, in so far as it informed the jury that the defense of an *alibi* tends merely to cast a reasonable doubt upon the case made by the People, was condemned, but it was also held that the instruction, in view of other things therein contained, did the defendant no harm, and hence the erroneous statement in a portion of the instruction was no ground for reversing the judgment. The ruling in that case is applicable here. It is not accurate to say that the defense of *alibi* tends

merely to cast a reasonable doubt on the case made by the People. Where the defendant proves by reliable evidence that he was not at the place when and where the crime was committed of which he was charged, such evidence might be regarded as conclusive of the defendant's innocence. But at the same time, the last part of the instruction placed the proof of *alibi* in such a favorable light for the defendant that we do not think, considering the entire instruction, defendant was prejudiced. It is as follows: "The law being, that when the jury have considered all the evidence, as well that touching the question of the *alibi* as the criminating evidence introduced by the prosecution, then, if they have any reasonable doubt of the guilt of the accused of the offense with which he stands charged, they should acquit, otherwise not." This was followed by defendant's fourth and fifth instructions, where the same principle is announced in language still more favorable to his side of the case.

The court, at the request of defendant, gave seven instructions in his behalf, and refused six, and the decision of the court in refusing these instructions is relied upon as error.

The first refused instruction contains some correct propositions of law, but it is more in the nature of an argument to the jury than an instruction, and for this reason it was properly refused.

The second and third refused instructions point out specific portions of the evidence, and call particular attention to such evidence, as having an important bearing upon the guilt or innocence of the defendant. It was the duty of the jury to consider all the evidence, and after giving due regard to the whole evidence, determine whether the defendant was guilty or innocent; and an instruction which undertakes to confine the jury to some particular portion of the evidence would be unfair, and should not receive the approval of the court.

The fourth refused instruction relates to the weight to be given to the testimony of witnesses, and the law involved in

this question was fully and fairly given to the jury in defendant's instruction No. 6. The seventh instruction given for defendant directed the jury, that in passing upon the guilt or innocence of the defendant they should be guided solely by the law and evidence, and contained all upon this subject proper for their consideration embraced in defendant's fifth refused instruction.

The sixth refused instruction in substance directed the jury that they should in no way be prejudiced or influenced against the defendant on trial because the prosecution have caused the case against Devine to be dismissed. No error was committed in refusing this instruction. In the first place, it assumes a fact which did not exist,—that the prosecution dismissed the case against Devine. There was no evidence tending to establish the guilt of Devine, and the court directed the jury to return a verdict of not guilty, as to him, which was done. But aside from this, it was not to be presumed that the jury would draw any conclusion from any fact not in evidence, and the court was not required to instruct on some irrelevant fact not in issue or involved in the trial.

Objection is made to remarks of counsel for the People in the closing argument to the jury, and also to remarks of the court in passing upon objections interposed by the defense to such remarks. It would serve no useful purpose to review the various objections which were interposed by defendant's counsel. The objections seem to have been, in the main, trivial, and, so far as the ruling of the court is concerned, we perceive no substantial error.

The judgment of the Criminal Court of Cook county will be affirmed.

*Judgment affirmed.*